865 F.2d 1262
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ocie M. WILLIAMS, Plaintiff-Appellant,
v.
AVCO FINANCIAL SERVICES; F.A. Moore, Defendants-Appellees.
 No. 88-3144.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 20, 1988.
Decided: Dec. 12, 1988.
 
 Ocie M. Williams, appellant pro se.
 H. Dolph Berry (Berry & Byrd), for appellees.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ocie Williams, a pro se litigant, appeals the district court's order dismissing, as time-barred, his suit filed pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. Sec. 1681 et seq. We vacate the order of the district court, and remand for further proceedings.
 
 
 2
 Williams originally filed this action on April 14, 1986, complaining that on or about April 2, 1984, the defendants, AVCO Financial Services (AVCO) and AVCO's agent, ran an unauthorized credit check on him, and later disclosed the credit report in a court proceeding without his permission. The district court, noting that Williams had not cited any statutory authority for his suit, dismissed the action for failure to state a claim upon which relief may be granted. This Court vacated the order of the district court, holding that Williams may have stated a claim under the FCRA, 15 U.S.C. Sec. 1681q.[1] Williams v. AVCO Fin. Servs., No. 87-1141 (4th Cir. Jan. 20, 1988) (unpublished).
 
 
 3
 On remand, the district court held that Williams' claims were barred by the FCRA's two-year statute of limitations contained in 15 U.S.C. Sec. 1681p.[2] The court reasoned that although the defendants had failed to plead the statute of limitations in their original answer, the action was nevertheless subject to dismissal on limitations grounds raised in a motion to dismiss because the pleadings, on their face, revealed the suit's untimeliness, and because the defendants' failure to plead the limitations defense in the original answer was attributable to the omission from the complaint of any reference to the FCRA.
 
 
 4
 Section 1681p, Title 15 U.S.C., provides that an action under the FCRA must be brought within two years "from the date on which the liability arises." Liability under 15 U.S.C. Sec. 1681q "arises" when a person "obtains information on a consumer ... under false pretenses." (Emphasis added). According to Williams' complaint, the defendants requested a record of his credit history on April 2, 1984. The credit report on Williams obtained by the defendants was dated April 2, 1984. Likewise, the invoice documenting AVCO's request for Williams' credit history was dated April 2, 1984. However, the record does not conclusively reflect when AVCO "obtained" the credit report. Although it may be unlikely, it is possible that AVCO did not receive the report until on or after April 14, 1984. As the operative date for determining the commencement of the limitations period under 15 U.S.C. Sec. 1681p is receipt of the report by AVCO, the case must be remanded for a finding as to when that was.
 
 
 5
 We have reviewed the remaining contentions raised by Williams on appeal and find them to be without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid the decisional process.
 
 
 6
 VACATED and REMANDED.
 
 
 
 [1]
 Section 1681q, mistakenly cited as Sec. 1681(g) in Williams, provides:
 Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both.
 
 
 [2]
 Section 1681p provides:
 An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.